UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES PAIGE, #277716, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:25-cv-01316 |
| | ) |
| GLENN R. FUNK, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On November 13, 2025, James Paige, a state inmate incarcerated at the Lois M. DeBerry Special Needs Facility (DSNF) in Nashville, filed a pro se complaint under 42 U.S.C. §§ 1981 and 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), a Motion for Preliminary Injunction (Doc. No. 3) with supporting affidavit (Doc. No. 4), and a Motion for Appointment of Counsel (Doc. No. 5).

The case is before the Court for ruling on Plaintiff's IFP application and motions, and for initial review of the Complaint under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. PAUPER STATUS

Subject to certain statutory requirements, see 28 U.S.C. § 1915(a)(1)–(2), (g), a prisoner bringing a civil action may be permitted to proceed as a pauper, without prepaying the $405 filing fee. Because Plaintiff's IFP application complies with the applicable statutory requirements and demonstrates that he lacks the funds to pay the entire filing fee, that application (Doc. No. 2) is **GRANTED**.

Nevertheless, prisoners bringing civil lawsuits are "required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Where the prisoner proceeds IFP, the fee is $350 instead of $405, see id. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023), and may be paid in installments over time via an assessment against his inmate trust account. Id. § 1915(b)(1)–(2).

Accordingly, Plaintiff is **ASSESSED** a $350 filing fee. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. Id. § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. Id. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

In cases filed by prisoners, the Court must conduct an initial screening and dismiss the Complaint (or any portion thereof) if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Review under the same criteria is also authorized under 28 U.S.C. § 1915(e)(2) when the prisoner proceeds IFP.

To determine whether the Complaint states a claim upon which relief may be granted, the Court reviews for whether it alleges sufficient facts "to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A viable claim is stated under 42 U.S.C. § 1983 if the Complaint plausibly alleges (1) a deprivation of a constitutional or other federal right, and (2) that the deprivation was caused by a "state actor." Carl v. Muskegon Cnty., 763 F.3d 592, 595 (6th Cir. 2014).

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," Nat'l Rifle Ass'n of Am. v. Vullo, 602 U.S. 175, 181 (2024) (quoting Iqbal, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, Erickson v. Pardus, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. Inner City, supra.

### B. Factual Allegations

Plaintiff sues Davidson County District Attorney General Glenn R. Funk for malicious, selective prosecution. (Doc. No. 1 at 2). He alleges that Funk improperly sought his indictment and conviction on four counts of rape when the misconduct of which he was accused, forcible sodomy, "did not fit the elements of the crime [of] rape." (Id. at 2–4). Plaintiff claims that the evidence of rape was insufficient, and that his alleged victim communicated to police that she did not want to press charges. (Id. at 2–5). He asserts that Defendant, lacking grounds for pursuing rape charges against him, only did so "because he's an educated black man who was involved in a solicitated affair with a[n] opiate addicted white woman." (Id. at 4). As relief, Plaintiff seeks an order enjoining Defendant Funk to dismiss his indictment and release him from prison; an order for state and federal law enforcement to launch an investigation into Defendant's office; the dismissal of his pending appeal from his rape convictions; monetary damages; and an order for the Tennessee Department of Correction to relocate him from his current residential unit at DSNF to a different unit. (Id. at 11–12).

### C. Analysis

The Complaint seeks Plaintiff's immediate release from incarceration and an award of monetary damages based on his allegedly unjust indictment, prosecution, and conviction. As explained below, he is not entitled to pursue such relief in this Section 1983 action.

Explicit challenges to the validity of an inmate's confinement, as distinguished from the "circumstances" or conditions of confinement, are not properly lodged under Section 1983 but are within the sole province of habeas corpus. Muhammad v. Close, 540 U.S. 749, 750 (2004). Plaintiff's request for release and dismissal of the charges against him, based on the alleged maliciousness with which Defendant Funk pursued his indictment and conviction "of an offense

that he did not commit" (Doc. No. 1 at 9), constitutes an explicit challenge to the validity of his confinement that cannot be pursued through a Section 1983 complaint, but only through a habeas petition.

A prisoner may challenge the validity of his confinement by claiming unlawful prosecution and seeking damages under Section 1983. Id. at 751. But that claim cannot be pursued until the prisoner succeeds in having his conviction or sentence "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); see Sykes v. Anderson, 625 F.3d 294, 309 (6th Cir. 2010) (applying Heck's favorable termination rule in § 1983 action for malicious prosecution). The Complaint before the Court seeks an award of damages against Defendant Funk "due to [his] callous indifferen[ce] to the plaintiff['s] rights," which caused Plaintiff to be imprisoned and "ruined by defaulted credit cards, student loans, and home mortgage." (Doc. No. 1 at 11). But Plaintiff has not yet succeeded in winning reversal of his convictions as required by Heck. Indeed, he acknowledges that he is currently pursuing such relief in state court, on direct appeal.[1] (See id. (asking the Court to "terminate [his] direct appeal" as void in light of Defendant's misconduct)).

---

[1] The Court takes judicial notice of the record of proceedings in the Tennessee Court of Criminal Appeals, https://pch.tncourts.gov/CaseDetails.aspx?id=90349&Party=True (last visited Nov. 20, 2025), which confirms that the matter of State of Tennessee v. James Andrew Paige (appealing the judgment of the Davidson County Criminal Court in Case No. 2018-B-1017) is pending review after briefing was completed on October 27, 2025. Under Federal Rule of Evidence 201(b), the Court may take notice of such adjudicative facts from the record of state criminal proceedings. See United States v. Ferguson, 681 F.3d 826, 834 (6th Cir. 2012). The Court may also take judicial notice of its own docket, see Overton v. Tennessee, 590 F. Supp. 3d 1087, 1089 n.1 (M.D. Tenn. 2022) (citation omitted), which reflects that Plaintiff's recent filing of a habeas case was dismissed by Judge Trauger on July 28, 2025, so that state appellate and post-conviction remedies concerning Case No. 2018-B-1017 could be exhausted. Paige v. Holloway, No. 3:25-cv-00326, Doc. No. 12 at 2 (M.D. Tenn. July 28, 2025).

The Complaint thus fails to state a currently viable claim to relief under Section 1983 and must be dismissed.

Even if Plaintiff could at this time properly pursue his malicious-prosecution lawsuit, the Court could not award him the other relief he seeks, i.e., injunctive orders for law enforcement to investigate Defendant's office (Doc. No. 1 at 11) and for the Tennessee Department of Correction to arrange his transfer to a DSNF residential unit that he "feels . . . is an appropriate unit for him" (id. at 12). As to the requested order to investigate, "the federal district courts lack the power to compel a federal criminal investigation at the request of a citizen plaintiff." Rouse v. Donahue, No. 1:20-CV-320, 2020 WL 2059718, at *2 (S.D. Ohio Apr. 29, 2020), report and recommendation adopted, 2020 WL 4361396 (S.D. Ohio July 30, 2020) (citing, e.g., Leisure v. FBI of Columbus, Ohio, 2 F. App'x 488, 490 (6th Cir. 2001) (decision to initiate a criminal investigation rests with Federal Bureau of Investigations, and writs of mandamus are not available to compel an investigation)); see also Bullock v. Sheela, No. 1:14-CV-00092-DAD-EPG-PC, 2017 WL 4707998, at *4 (E.D. Cal. Oct. 20, 2017), report and recommendation adopted, 2018 WL 646132 (E.D. Cal. Jan. 31, 2018) ("Federal courts cannot instigate criminal investigations and prosecutions, and cannot compel a [federal, state, or local] prosecutorial authority to do so.") (citing cases). As to the requested order to transfer, federal courts must exercise restraint from intruding into matters of state prison administration "as a matter of federalism and comity . . . except in the most compelling situations." Glover v. Johnson, 855 F.2d 277, 287 (6th Cir. 1988). No such compelling situation is apparent from Plaintiff's allegation that a transfer "from unit 3, to unit 5-B" is justified because he was attacked by another unit 3 inmate on December 4, 2024. (Doc. No. 1 at 12).

6

Case 3:25-cv-01316    Document 8    Filed 11/21/25    Page 6 of 7 PageID #: 105

In sum, the Complaint fails to claim any plausible right to relief and must therefore be dismissed.

### III. CONCLUSION

For the reasons discussed above, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b), for failure to state a claim upon which relief may be granted. The dismissal is **WITHOUT PREJUDICE** to (1) Plaintiff's ability to refile a malicious prosecution lawsuit if and when he succeeds in winning relief from his state convictions, and (2) Plaintiff's ability to file a separate lawsuit challenging the conditions of his confinement.

In light of the dismissal, Plaintiff's Motion for Preliminary Injunction (Doc. No. 3) and Motion for Appointment of Counsel (Doc. No. 5) are **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE